**KUYKENDALL v. HUNTER.**

No. 4186.

United States Court of Appeals
Tenth Circuit.

March 1, 1951.

Arthur G. Warner and James E. Birdsall, New York City, on the brief, for appellant.

Hugh J. McGrath, Washington, D. C. (Lester Luther, U.S. Atty., Malcolm Miller, Asst. U.S. Atty., Topeka, Kan., Rear Admiral George L. Russell, and Lieutenant Commander Ralph K. Brandt, Washington, D. C., with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas, dismissing appellant's petition for writ of habeas corpus, quashing the writ theretofore issued, and remanding appellant to the custody of the respondent warden.

Appellant was tried before a general court martial. He was charged with desertion in time of war, rape—4 specifications, theft—6 specifications, and conduct prejudicial to good order and discipline—6 specifications. He was found guilty on all specifications except 4 specifications of theft and 2 specifications of the charge of conduct prejudicial to good order and discipline. He was sentenced to be reduced to the rank of private, to be confined for the rest of his natural life, and to suffer all other accessories of said sentence as prescribed by Section 622, Naval Courts and Boards. The Acting Secretary of the Navy approved the proceedings, findings and sentence, but, under statutory authority, set aside the findings on specifications 1 and 3 of the charge of conduct to the prejudice of good order and discipline, and two specifications under the charge of theft.

The basic ground on which appellant seeks release from custody is that his sentence is void because of want of due process in the court martial trial. In his brief, he states his contention, as follows:

"The basic, fundamental error committed in the court martial was the deprivation of due process by joining four charges of rape, and trying the petitioner upon all four at once."

Under the law the charges against an accused may be consolidated for trial in a court martial trial. Naval Courts and Boards, 1937, issued by the Secretary of the Navy and approved by the President, March 5, 1937,[1] specifically provide that all charges against an accused shall be consolidated into one set of charges and one trial shall be had thereon.

Due process of law must be observed in military trials the same as trials in civil courts. Due process, or what constitutes denial of due process, has been defined by Justice Roberts in Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L.Ed. 166, as follows: "As applied to a criminal trial, denial of due process is the failure to observe that fundamental fairness essential to the very concept of justice."

While the requirements of military trials are not the same as in Civil Courts, the fundamental elements of fairness essential to the very concept of justice must be observed there as well as in civil courts. If

1. The Naval Courts and Boards have the force and effect of law. See 34 U.S.C.A. § 591; Ex parte Reed, 100 U.S. 13, 25 L.Ed. 538.

a number of separate offenses are of such a nature that their joinder in a single trial does violence to this fundamental concept of a fair trial, then they may not be so joined notwithstanding the above statutory provisions.

The appellant contends that all four charges of rape were substantiated only by the weakest and uncorroborated testimony of the complaining witness in each instance and that a conviction could not have been had on any of the charges had they been tried alone. He contends further that trying all four charges at one time not only tended to prejudice the tribunal but in such a trial each charge tended to corroborate the other, which was unwarranted.

Appellant relies in large part in support of his position on two English cases, Queen v. King, 1 Q.B.C. 216, and Castro v. Queen, 6 App.Cas. 229, and Kidwell v. U. S., 38 Appeal Cases, D.C. 566. None of these cases were military cases. The two English cases discussed the unfairness of such a consolidation, but in neither case was the consolidation held illegal. In the Kidwell case, the consolidation was set aside and a new trial was granted. Numerous cases exist where separate charges of rape, as well as separate charges of other grave crimes, were consolidated for trial and no lack of due process resulted.

Whether there was a denial of due process in this case, cannot be determined by reference to other cases. It must appear, if it exists, in the trial proceedings themselves. As stated by Justice Roberts in Lisenba v. California, supra,

"In order to declare a denial of it we must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevent a fair trial."

It is not sufficient, as appellant urges, that the consolidation of four rape charges, together with a desertion charge, might tend to prejudice the trial court or that each charge of rape might be considered as corroborative evidence of the com-mission of the other. It must affirmatively appear that this result followed.

Even though appellant had been tried on but a single charge of rape, evidence of the other rapes might have been introduced to establish intent.[2] Under such facts the same claim that such evidence might tend to prejudice the court could be made.

A careful examination of the record fails to reveal any evidence tending to support a charge of prejudice, tyranny, wilful attempt to deny appellant an opportunity of a fair trial, or of any other unwarranted conduct on the part of the trial court which would void the proceedings. The penalty is a very severe one but that does not give us jurisdiction to interfere by habeas corpus.

Affirmed.

2. Section 163, Naval Courts and Boards, 1937.